IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 07-0754-WS-M ) |
| BLUE WATER OFF SHORE, LLC, | ) ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion to dismiss the defendant's counterclaim for failure to state a claim upon which relief can be granted. (Doc. 14). The parties have filed briefs in support of their respective positions, (Docs. 15, 18-20), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be granted in part and denied in part.

## BACKGROUND

The plaintiff insured the defendant's vessel, which was damaged when it struck an underwater obstruction. The vessel's captain was charged with boating under the influence, which charge apparently remains pending. The plaintiff filed this action for declaratory judgment, arguing that the captain's conduct triggered policy exclusions for intentional misuse or misconduct; lack of reasonable care or due diligence; and/or criminal act. (Doc. 1). The defendant filed a counterclaim alleging breach of contract and bad-faith denial of an insurance claim. (Doc. 13).

The plaintiff seeks dismissal of both counts of the counterclaim on the following grounds: (1) it has not denied the claim; and (2) the defendant has failed to comply with the terms of the policy. The plaintiff also seeks a ruling that, assuming it did not deliver

the policy as the defendant alleges, any such failure does not preclude it from relying on the exclusions noted above.

## DISCUSSION

In order to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must as a threshold matter provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id.* Thus, neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffices to satisfy Rule 8(a)(2). *Id.* at 1965. "Stated differently, the factual allegations in a complaint must 'posses enough heft' plausibly to suggest that the pleader is entitled to relief. ... Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitlement to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1966).

If, but only if, "a claim has been stated adequately [under Rule 8(a)(2)], it may be supported by showing any set of facts consistent with the complaint." *Twombly*, 127 S. Ct. at 1969 (explaining *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). That is, "[a] motion to dismiss [for failure to state a claim] may be granted only when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004) (internal quotes omitted). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and the exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotes

omitted).

## I. Denial.

To support either its breach of contract or bad faith counterclaim, the defendant must establish that the plaintiff denied its claim.  *E.g., Singleton v. State Farm Fire & Casualty Co.*, 928 So. 2d 280, 283 (Ala. 2005); *State Farm Fire & Casualty Co. v. Slade*, 747 So. 2d 293, 303-04, 318 (Ala. 1999).  The counterclaim alleges that the plaintiff breached the insurance contract "by refusing to pay" the defendant's claim; that the plaintiff's "wrongful refusal to pay ... constitute[s] a denial of [its] claim"; and that the plaintiff made a "bad faith denial" of the claim.  (Doc. 13 at 9, ¶¶ 15, 18, 21).  There is no doubt that the counterclaim alleges the plaintiff denied the defendant's claim.

The denial of a claim can be either actual (express) or constructive.  *E.g., Congress Life Insurance Co. v. Barstow*, 799 So. 2d 931, 938 (Ala. 2001).  A constructive denial can be established either by an adequately long delay alone or by a shorter but "sufficient delay coupled with some wrongful intent by the insurance company."  *Id*. (internal quotes omitted).  The defendant argues in brief that it relies on both an actual denial and a constructive denial based on delay coupled with wrongful intent.  (Doc. 18 at 9-12).

### A. Actual Denial.

The plaintiff suggests that the counterclaim does not purport to assert an actual denial, (Doc. 15 at 6), but its allegation of a "denial" of the claim is patently broad enough to encompass an actual denial.  The plaintiff continues that any pleading of an actual denial is defective because the counterclaim does not identify the document or conversation that worked the denial, the individual denying the claim, and the date of the denial.  (*Id*.).  The plaintiff identifies no authority for the proposition that notice pleading requires a denial to be alleged with the particularity reserved for fraud and other specific

matters under Rule 9(b).[1]  Certainly *Twombly* (which the plaintiff does not cite) does not require that degree of specificity, since the assertion of a denial of a claim is a factual allegation of a non-innocuous fact that plausibly suggests entitlement to relief.

The plaintiff argues that, even if the counterclaim adequately pleads an actual denial, no such denial in fact occurred.  (Doc. 15 at 6).  The defendant responds that its allegation of an actual denial is predicated on a particular letter from the plaintiff dated August 3, 2007, which is an exhibit to the complaint.  (Doc. 18 at 9-10).  The plaintiff's only effort to show that this letter is not capable of construction as a denial of coverage is its quotation from a subsequent letter (from plaintiff's counsel herein) featuring the unadorned conclusion that the letter does not deny coverage.  (Doc. 19 at 8 & Exhibit A). Even if the Court could consider matters outside the pleadings on motion to dismiss, counsel's letter could not of its own force carry the day.

### B.  Constructive Denial.

The plaintiff acknowledges that the defendant intended to allege a constructive denial, but it argues that the counterclaim inadequately alleges one and that the defendant cannot prove one in any event.  (Doc. 14 at 1; Doc. 15 at 7).

While an actual denial is a fact, a constructive denial is, as the term implies, a legal construct; if certain facts exist, then a denial is deemed to exist.  To the extent the counterclaim alleges a constructive denial, then, it asserts a label or conclusion that is inadequate under *Twombly*.

A constructive denial arises upon the confluence of a sufficient delay and a wrongful intent.  If the counterclaim alleged these circumstances (and any supporting

---

[1] *Cf. Ziemba v. Cascade International, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (Rule 9(b) contemplates allegations of the statement made, the document or oral communication through which the statement was made, the time and place of the statement, and the person making the statement, plus how the statement misled and what the defendant gained as a result).

facts that *Twombly* may require), it would survive the plaintiff's motion.  The counterclaim, however, alleges neither.  Because the counterclaim's allegation of a constructive denial does not pass muster under Rule 8(a)(2), the Court need not reach the plaintiff's alternative argument concerning the defendant's ability to establish a constructive denial.

## II.  Non-Compliance with Policy Terms.

The policy provides that, "[i]n the event of a loss covered by this policy, ... [y]ou shall provide a sworn statement if we so request."  (Doc. 1, Exhibit A at 22-23).  The policy defines "you" to include the captain.  (*Id*. at 22).  The policy also provides that "[n]o one may begin legal action against us unless all the terms of the policy have been met ...."  (*Id*. at 23).

The defendant agrees that the plaintiff has attempted to take the statement of the captain and that he has refused to give one, citing his Fifth Amendment right against self-incrimination.  (Doc. 18 at 12-13).  The plaintiff argues that this refusal violates the foregoing policy terms and precludes the defendant from proceeding with its counterclaim.  (Doc. 15 at 9-11; Doc. 19 at 2-4).

The plaintiff does not question the defendant's representation that the plaintiff first sought a statement: (1) after the alleged August 3, 2007 denial letter; and (2) after the captain was no longer employed by the defendant.  (Doc. 18 at 13).[2]  Because the plaintiff has offered no authority or argument supporting the proposition that the policy provisions on which it relies can be enforced under these circumstances,[3] it cannot obtain dismissal

---

[2]The first of these propositions is confirmed by an exhibit to the complaint, which identifies the request as being made on September 28, 2007.  (Doc. 1, Exhibit C).

[3]In reply to the defendant's argument, the plaintiff relied on two cases involving the failure of the named insured to submit to examination, which are thus inapposite.  Its appeal to a "public policy" of allowing insurers a "broad range of freedom" in evaluating claims, (Doc. 19 at 3), is too vague to be helpful and says nothing about whether the

of the counterclaim on this ground.

### III.  Non-Delivery.

It is not clear that this issue is properly presented on a motion to dismiss for failure to state a claim on which relief can be granted because, even were the Court to agree with the plaintiff's position, it would not require the dismissal of the counterclaim but simply make it more difficult for the defendant to prevail.  At any rate, the parties' presentation is inadequate to permit the Court to resolve the issue.

### CONCLUSION

For the reasons set forth above, the plaintiff's motion to dismiss is **granted** with respect to the defendant's counterclaims for breach of contract and bad faith to the extent they are based on a constructive denial.  In all other respects, the motion to dismiss is **denied**.

DONE and ORDERED this 7th day of March, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

policy itself applies to the current situation.