IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 07-0754-WS-M ) |
| BLUE WATER OFF SHORE, LLC, | ) ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for leave to amend the complaint. (Doc. 83). The defendant has filed a response and the plaintiff a reply, (Docs. 89, 94), and the motion is ripe for resolution.

The plaintiff filed this declaratory judgment action in October 2007, following an allision causing extensive damage to a vessel owned by the defendant and insured by the plaintiff. The complaint describes the policy by title and number and summarizes relevant provisions, including exclusions from coverage. The complaint also provides that "[a] copy of said policy, together with the endorsement referenced above, is attached hereto and incorporated herein as 'Exhibit A.'" (Doc. 1 at 3, ¶ 10).

In early March 2008, the Magistrate Judge entered a Rule 16(b) scheduling order establishing a deadline of May 30 by which to move for leave to amend the pleadings. (Doc. 23 at 2, ¶ 5).[1] During the parties' depositions the week of September 15, the plaintiff realized that the wrong policy was attached to the complaint. (Doc. 94 at 2, ¶ 3). The present motion, filed on September 26, seeks leave to amend the complaint by substituting the correct policy for the one appended to the complaint.

---

[1] This was the final weekday before the June 1 deadline the parties proposed. (Doc. 21 at 5, ¶ 6).

Because the motion was filed after the May 30 deadline, it may be granted "only for good cause." Fed. R. Civ. P. 16(b)(4); *accord Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1231-32 (11th Cir. 2008).[2] "This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note). In making this determination, "carelessness is not compatible with diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (11th Cir. 1992).

The plaintiff offers the following to meet its burden: (1) the correct policy is "similar to the original form in its cover page, provisions, and overall appearance"; (2) the defendants did not produce the correct policy in response to discovery requests; (3) the depositions, which the plaintiff originally sought in May, were delayed until September by discovery disputes; and (4) the plaintiff moved to amend promptly after discovering the error. (Doc. 94 at 2-3).

Without undertaking a line by line comparison, it does appear to the Court that the two policies are similar in many ways. They are dissimilar, however, in one critical respect. While the incorrect policy is on a form dated on its cover page, "7/99," the correct policy is on a form dated on its cover page, "8/06." (Doc. 1, Exhibit A at 20; Doc. 83, Exhibit A at 20). On its face, then, only the 2006 version could be the correct policy, since the complaint alleges that the policy was issued in February 2007. (Doc. 1 at 2, ¶ 8). As the insurer employing these forms, the plaintiff (though not its counsel) must be charged with knowledge of the existence of the 2006 form and thus the error of citing the 1999 form in support of a 2007 policy. Reasonable diligence would have caught the

---

[2] The plaintiff acknowledges that the good cause standard applies when, as here, the purpose of the motion is to replace an incorrect exhibit with a correct one. (Doc. 94 at 1-2, ¶¶ 1, 3). This is appropriate since, by incorporating the exhibit into its complaint, the plaintiff made the policy "a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

error, if not before suit was filed, then certainly sometime in the seven-plus subsequent months before the amendment deadline passed.

The plaintiff's second and third explanations attempt to shift responsibility for the delay to the defendant. This argument cannot hold, since the necessary information was at all times in the possession of the plaintiff, who was not free to ignore the information until and unless the defendant brought the error to its attention (by producing a copy of the policy)[3] or prompted the plaintiff to prepare its case (by agreeing to deposition dates). That the plaintiff moved promptly to amend upon discovering the error is commendable, but it does not address the key question of whether the plaintiff could have moved to amend by May 30 had it exercised diligence.

Unable to show good cause under the foregoing standard, the plaintiff proposes that the Court employ the four-factor test adopted by the Fifth Circuit, under which the movant's diligence is at best one factor. (Doc. 94 at 3, ¶ 5).[4] The Court, of course, is bound by the Eleventh Circuit's test, which focuses entirely on the movant's diligence. *E.g., Johnson*, 992 F.3d at 609 ("If [the movant] was not diligent, the inquiry should end.").

Finally, the plaintiff suggests that, given the liberal amendment policy of Rules 15(a) and 15(b), "amendments to the pleadings are the one item in the Scheduling Order which are favored, deadlines notwithstanding." (Doc. 94 at 4, ¶ 8). The Eleventh Circuit has emphatically rejected recourse to Rule 15 as a substitute for, or softener of, Rule 16(b). The movant "must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a). [citations omitted] If we

---

[3]According to the defendant, it never produced a copy of the policy in discovery because the plaintiff never delivered one. (Doc. 89 at 2, ¶ 3; Doc. 94 at 3, ¶ 6).

[4]The plaintiff cites for this factor analysis a secondary authority, which in turn cites only a Fifth Circuit case, which in turn cites *S&W Enterprises, L.L.C. v. SouthTrust Bank, N.A.*, 315 F.3d 533, 536 (5th Cir. 2003).

considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419.[5]

For the reasons set forth above, the plaintiff's motion for leave to amend the complaint is **denied**.

DONE and ORDERED this 28th day of October, 2008.

                                                      s/ WILLIAM H. STEELE
                                                      UNITED STATES DISTRICT JUDGE

---

[5] It may be that, when an issue is tried by implied consent, a prior failure to satisfy Rule 16(b)(4) becomes irrelevant. *See, e.g, Kirkland v. District of Columbia*, 70 F.3d 629, 634 (D.C. Cir. 1994). Since this case has not proceeded to trial, Rule 15(b)'s possible future applicability cannot excuse the plaintiff's present failure to satisfy Rule 16(b)(4).