IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 07-0754-WS-M ) |
| BLUE WATER OFF SHORE, LLC, | ) ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Blue Water's motion in limine to exclude evidence that Captain Cooper was arrested and charged with boating under the influence. (Doc. 168). New Hampshire has filed a response, (Doc. 196), and the motion is ripe for resolution.

By separate motion, Blue Water sought to prevent Officer Kelley from offering an expert opinion that Cooper was intoxicated at the time of the allision, which occurred approximately 30 to 40 minutes before Kelley's arrival on the scene.[1] In response, New Hampshire abandoned any reliance on Federal Rule of Evidence 702 to support Kelley's opinion in this regard; instead, Kelley will opine as to Cooper's intoxication at the time of the allision only pursuant to Rule 701. (Doc. 159 at 5-6). Whether Kelley may offer such an express opinion under Rule 701 remains open, since neither party moved for a pretrial ruling on this point.

The present motion does not seek to exclude an express opinion by Kelley that Cooper was intoxicated at the time of the allision. Instead, it seeks to exclude evidence of the fact that Kelley arrested Cooper for boating under the influence. The unamplified

---

[1] The precise lapse of time is a subject of considerable dispute between the parties. For present purposes, the approximation in text is sufficient.

ground of the motion is that evidence that Cooper was charged with boating under the influence "is tantamount to an expression of an opinion by the arresting officer ... that Cooper was intoxicated at the time of the accident." (Doc. 168 at 1).

The threshold problem with Blue Water's motion is its assumption that any opinion Kelley offers will be that of an expert under Rule 702. (Doc. 168 at 1). Ten days before Blue Water filed this motion, however, New Hampshire advised that it would offer Kelley's opinion under Rule 701, not Rule 702, yet Blue Water ignores Rule 701 in its motion. If Kelley may offer a lay opinion that Cooper was intoxicated at the time of the allision, then testimony that he arrested Cooper for boating under the influence, even if "tantamount to an expression of an opinion," could not be tantamount to an expression of an *improper* opinion. Blue Water's failure to address the applicability of Rule 701 would of itself thus require the denial of its motion.

More fundamentally, Blue Water has not attempted to show that the mere fact of Cooper's arrest, not couched as an opinion, is nevertheless subject to evidentiary rules governing opinion testimony. For its motion to be valid, it must be the law that a lay witness testifying as to what he did — anything he did — must first satisfy Rule 701 if what he did was prompted by his opinion as to a state of facts. Because most people routinely act in response to their opinion as to a state of facts, it is difficult to imagine testimony that would not be subject to such a sweeping rule. Any layperson whose opinion as to a state of facts could not establish that his opinion as to those facts was rationally based on his perception under Rule 701 could not testify as to what he did. A mother could not testify that she fixed her child a sandwich (because doing so depends on her opinion that the child was hungry) unless she were able to articulate what caused her to form this opinion, and if her opinion of hunger was based only on her uninformed assumption, not "rationally based on [her] perception," evidence that she prepared a sandwich would be inadmissible.

Unsurprisingly, Blue Water cites no authority in support of this breathtaking

proposition.  The law is in fact quite the opposite.  Thus, in *McQuiston v. Helms*, 2009 WL 554101 (S.D. Ind. 2009), the Court unremarkably held that a police officer's testimony that he did not issue a citation "is merely a fact, not an opinion, about which [the officer] is entitled to testify."  *Id*. at *5.

The motion in limine is **denied**.  New Hampshire will be permitted to present evidence that Cooper was arrested and charged with boating under the influence.

DONE and ORDERED this 27th day of April, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE