IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NEW HAMPSHIRE INSURANCE COMPANY,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**BLUE WATER OFF SHORE, LLC,** )<br>)<br>Defendant. ) | CIVIL ACTION 07-0754-WS-M |

**ORDER**

This matter is before the Court on Blue Water's motion in limine to exclude evidence of New Hampshire's handling of Blue Water's claim after August 3, 2007. (Doc. 167). New Hampshire has filed a response, (Doc. 188), and the motion is ripe for resolution.

The subject casualty occurred on August 1, 2007. On August 2, 2007, Blue Water made a claim for benefits. On August 3, 2007, New Hampshire wrote Blue Water a letter that New Hampshire characterizes as a reservation of rights letter and that Blue Water deems a denial letter. (The letter twice refers to a reservation of rights but does not expressly deny the claim.) New Hampshire continued to investigate the claim after August 3, culminating in the filing of this lawsuit on October 22, 2007. Blue Water counterclaimed for breach of contract and for bad faith refusal to pay an insurance claim. On motion to dismiss, the Court dismissed the bad faith claim to the extent based on a constructive denial, leaving only a claim based on an express denial. (Doc. 24 at 3-4, 6). The only express denial alleged by Blue Water is the August 3 letter.

Blue Water argues that New Hampshire's handling of the claim after August 3 is not probative of whether the letter of that date denied the claim. (Doc. 167 at 1-3). This position is unsupported by citation to any authority beyond a quotation of Federal Rule of

Evidence 402 or by any argument other than that the letter "is what it is." (*Id*. at 2).

Blue Water's position — that the Court and the jury may not look past the letter itself in determining if it is or is not a denial letter — is a curious one, given its own presentation. In opposition to summary judgment, Blue Water offered the testimony of its principal member and of the insurance agent with which it dealt in obtaining the Policy, specifically to show that they considered the letter to be a denial letter, (Doc. 127 at 35-36), yet it insists that New Hampshire cannot show that it considered the letter to be a reservation of rights letter, as reflected by its continued investigation of the claim. Similarly, Blue Water intends to present extrinsic evidence that the letter lacks a phrase which industry standards deem essential to a reservation of rights letter, while insisting that New Hampshire cannot present extrinsic evidence supporting its own construction of the letter.

Apparent inconsistencies aside, Blue Water's position is unsupported by Alabama law. As noted by New Hampshire, the insurer in *Jones v. Alfa Mutual Insurance Co.*, 1 So. 3d 23 (Ala. 2008), argued that the insureds' suit was barred by the statute of limitations because their claim had been denied more than two years previously. The insurer relied in part on a letter it had written which referenced a report concluding that structural damage to the house was not caused by a covered peril but which did not expressly deny the claim. *Id*. at 26-27, 30. The insureds argued that the insurer's post-letter conduct, including their continuing investigation of the claim, was inconsistent with a denial of the claim. *Id*. at 29-30, 30-31. The Alabama Supreme Court ruled that when the denial occurred was a question of fact. *Id*. at 31. Among the circumstances that gave rise to this question of fact were the failure of the letter to "explicitly state that the claim has been denied as claim-denial letters typically do," and the insurer's continued investigation of the claim. *Id*.

*Jones* indicates that, at least when the insurer's letter does not expressly deny the claim, extrinsic evidence may be considered in determining if the letter did deny the

claim, and that among the types of evidence that may be considered is evidence of the insurer's post-letter handling of the claim.  Blue Water, though aware of *Jones* since at least January, (Doc. 127 at 36), fails to address or distinguish it in any way.

The motion in limine is **denied**.  New Hampshire may present evidence of its post-August 3 investigation in an effort to show it did not deny the claim on August 3.[1]

DONE and ORDERED this 27th day of April, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] New Hampshire argues the evidence is admissible for other purposes as well. (Doc. 188 at 4-6).  The Court need not reach these alternative arguments in order to resolve the motion in limine.