IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 07-0754-WS-M ) |
| BLUE WATER OFF SHORE, LLC, | ) ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Blue Water's motion in limine to exclude evidence of whether Blue Water or its alleged agent asked for a copy of the insurance policy ("the Policy") prior to the allision. (Doc. 169). New Hampshire has filed a response, (Doc. 189), and the motion is ripe for resolution.

Alabama law requires an insurer to mail or deliver a policy to the insured within a reasonable time after its issuance. Ala. Code § 27-14-19(a). The failure to do so, coupled with ensuing prejudice to the insured, may estop the insurer from asserting an exclusion from coverage. *Brown Machinery Works & Supply Co. v. Insurance Company of North America*, 659 So. 2d 51, 58 (Ala. 1995). Blue Water has invoked these principles.

New Hampshire desires to present evidence that neither Blue Water nor Flowers Insurance Agency ("Flowers"), its alleged agent, ever requested a copy of the Policy. Blue Water argues that this evidence is not relevant because New Hampshire's duty is absolute, not conditional on whether the insured or its agent made a request. As New Hampshire points out, however, it has considerable evidence that, promptly after the Policy was issued in February 2007, Hodgens: (1) e-mailed the Policy to Flowers; (2) telefaxed the Policy to Flowers; and (3) mailed the Policy to Flowers. Blue Water's witnesses deny all this, asserting that Hodgens did none of the above. The allision did not

occur until August 2007, leaving Blue Water and Flowers almost six months to request the Policy if they had not received it. Their failure to do so makes it more likely that New Hampshire's evidence is correct and that the reason they did not request the Policy is that they, or at least Flowers, had in fact received it. The evidence is therefore relevant.

Blue Water argues that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. This danger arises, it says, because the jury may believe that Section 27-14-9(a) does not apply unless the insured or its agent requests the policy. There is on its face no plausible danger of any such misapprehension of the statute, since the jury will be advised of the law through the Court's instructions, and Blue Water admits that "the clear requirements of section 27-14-19 and case law interpreting it" preclude the idea that the insurer's obligation is conditional on a request. (Doc. 169 at 4). Certainly any theoretical risk of prejudice does not outweigh, substantially or otherwise, the probative value of the evidence.

The motion in limine is **denied**. New Hampshire will be permitted to present evidence that neither Blue Water nor Flowers ever requested a copy of the Policy prior to the allision.

DONE and ORDERED this 27th day of April, 2009.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE