IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 07-0754-WS-M |
| ) | |
| BLUE WATER OFF SHORE, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Blue Water's motion in limine to prohibit New Hampshire from reading from the deposition of Robert Zettl, Blue Water's retained expert. (Doc. 170). New Hampshire has filed a response, (Doc. 193), and the motion is ripe for resolution.

Blue Water timely identified Zettl as an expert witness, and his expert report submitted to New Hampshire limits his expert opinions to two: (1) that Cooper had ample time and opportunity following the allision to consume sufficient alcohol to account for his 0.14 reading; and (2) that Cooper was not under the influence of alcohol at the time of the allision. (Doc. 170, Exhibit A at 2-3).

New Hampshire subsequently took Zettl's deposition and elicited testimony concerning the following: (1) the reliability of Draeger 7110 machine testing and Alabama protocols for such testing; and (2) physiological effects of various levels of alcohol in the bloodstream. New Hampshire did not at any time before or after the deposition advise Blue Water that it intended to elicit expert testimony from Zettl at trial on these topics. In the joint pretrial document, filed March 31, 2009, New Hampshire for

the first time stated that it intends to do so.[1]

A party is required to disclose the identity of any witness it may use at trial to present expert testimony, at the times and in the sequence established by court order. Fed. R. Civ. P. 26(a)(2)(A), (C).  New Hampshire was ordered to make its expert disclosures on or before September 1, 2008, Blue Water by October 1, 2008.  (Doc. 23 at 2, ¶ 6).  As noted, New Hampshire's first disclosure of its intent to use Zettl to present expert testimony occurred March 31, 2009, seven full months after the deadline and barely one month before trial.

Upon failure to make the required disclosures, "the party is not allowed to use that ... witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P.37(c)(1).  New Hampshire makes no effort to color its failure to disclose as substantially justified.  Instead, its only defense is to suggest this Court has already ruled that conduct such as that in which it engaged is harmless.  (Doc. 192 at 2-3).

In *Kerns v. Pro-Foam, Inc*., 572 F. Supp. 2d 1303 (S.D. Ala. 2007), the defendant moved to preclude the plaintiffs from calling the defendant's expert witness on the plaintiff's case-in-chief.  Critically, the parties agreed that the testimony the plaintiffs wished to present in their own case was evidence they could present on cross-examination of the defense expert.  *Id*. at 1311-12.  That is, it was material "limited to the subject matter of the direct examination and matter affecting the credibility of the witness."  Fed. R. Evid. 611(b).  In such a situation, Rule 26(a) furnished no grounds for preventing the plaintiffs' use of the witness, and the defendant suffered no unfair prejudice since the testimony would come out one or way or the other.  *Kerns* has no applicability here, where New Hampshire seeks to use Zettl to express opinions which are divorced from those for which Blue Water identified him and which consequently cannot be elicited on cross-examination.

---

[1] New Hampshire identified for use at trial other portions of Zettl's deposition as well, but Blue Water's motion addresses only those portions described in text.

The prejudice to Blue Water of allowing New Hampshire to call Blue Water's expert as its own is plain enough.  Because New Hampshire did not identify Zettl as an expert, Blue Water had no incentive to cross-examine him on the subject matters for which New Hampshire seeks to call him or to prepare him, prior to deposition, to meet those topics.  This harm is exacerbated since New Hampshire seeks to rely on Zettl's deposition, meaning Blue Water cannot attempt even a cross-examination at this point.  New Hampshire's silence also deprived Blue Water of the opportunity to secure another expert to counter Zettl's opinions or (to avoid attacking its own expert) to replace Zettl.

Rule 37(c) allows a court to impose an additional or substitute sanction for a failure to comply with Rule 26(a)(2).  New Hampshire has not argued that some other or lesser sanction is appropriate, and the Court concludes that, to discourage manipulation of rules of procedure that have been thoughtfully crafted to secure the just determination of lawsuits, Fed. R. Civ. P. 1, prohibiting New Hampshire from using Zettl to offer expert testimony beyond the scope of cross-examination is the proper result.  *See generally Romero v. Drummond Co.*, 552 F.3d 1303, 1323-24 (11th Cir. 2008) (upholding the exclusion of an expert witness for violation of Rule 26(a)(2) under an abuse-of-discretion standard).

The motion in limine is **granted**.  New Hampshire will not be permitted to read at trial excerpts from Zettl's deposition concerning the protocol for or reliability of the Draeger 7110 test or the physiological effects of different levels of alcohol in the bloodstream.[2]

DONE and ORDERED this 29th day of April, 2009.

---

[2]By its terms, Blue Water's motion goes only to New Hampshire's attempt to use Zettl's deposition.  The Court therefore does not rule on whether New Hampshire could elicit similar testimony were Zettl to testify live, although it does not seem possible that such a circumstance could lead to a different result.

<u>s/ WILLIAM H. STEELE</u>  
UNITED STATES DISTRICT JUDGE