# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **NEW HAMPSHIRE INSURANCE COMPANY,** ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION 07-0754-WS-M |
| **BLUE WATER OFF SHORE, LLC,** ) ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on New Hampshire's motion in limine to preclude evidence or reference to AIG. (Doc. 179). Blue Water has filed a response, (Doc. 187), and the motion is ripe for resolution.

New Hampshire is "part of or affiliated with" AIG. (Doc. 179 at 1; Doc. 187 at 1). New Hampshire argues that this fact is not relevant to any issue in the case and that any relevance is substantially outweighed by the danger of unfair prejudice to New Hampshire.

Blue Water struggles to identify any relevance of New Hampshire's relationship with AIG. It is uncontroverted that Blue Water's policy ("the Policy") is with New Hampshire, not with AIG, and AIG is not a party to the action. Blue Water notes that the Policy was not underwritten by New Hampshire but by Maritime General Agency, itself an AIG company, but it does not explain why this is relevant to whether Captain Cooper was intoxicated when the allision occurred, to whether Hodgens Marine mailed or delivered the Policy to Flowers, or to any other issue in the case. In a similar vein, Blue Water notes that the August 3, 2007 denial letter came from AI Marine Adjusters, Inc. ("AI Marine"), which is also affiliated with AIG, but it does not explain why this makes any material fact more or less likely to exist. All Blue Water can say is that "the

pervasiveness" of these affiliations with AIG makes relevance obvious, (Doc. 187 at 3-4), but it is not so obvious as to excuse Blue Water's inability to articulate it.

Blue Water suggests vaguely that it needs to point out to the jury the relation between New Hampshire and AIG in order to effectively explore potential witness bias, (*id*. at 5), but it gives no clue as to how it derives a logical connection between this relationship and bias.  Nor, despite the opportunity to engage in a full gamut of discovery, does it suggest it has uncovered any whiff of bias tied to the AIG angle.

Blue Water also argues that New Hampshire's connection to AIG is relevant because the Policy "was actually marketed to Blue Water as an AIG policy." (Doc. 187 at 3).  As the very deposition testimony quoted by Blue Water reflects, this is simply incorrect.  The Policy was "marketed" to Blue Water in an e-mail describing the quote as being "from New Hampshire, one of the major A-rated companies." (Hodgens Deposition at 14).  There was no reference whatsoever to AIG in this e-mail; the only mention of AIG came in Hodgens' deposition, when he mentioned that AIG is an A-rated company.  (*Id*. at 15).

Finally, Blue Water notes that several exhibits mention AIG, including the Policy and the August 3, 2007 denial letter.  (Doc. 187 at 4).  These documents, in inconspicuous preprinted type, identify New Hampshire and AI Marine as member companies of AIG.  Blue Water argues that these references to AIG will confuse the jury unless the relationship between the entities is explained to them.  It is questionable whether the jury would even notice these references, but Blue Water fails to explain how the jury could be confused by a reference to AIG that expressly states the relationship between it and its member company.  Nor does Blue Water cite any authority for the proposition that possible jury confusion creates relevance as defined by Federal Rule of Evidence 401.

In short, the Court concludes that New Hampshire's relation to AIG is not relevant to any issue in this case.  Even could some scrap of relevance be wrung from Blue Water's motion, it would be substantially outweighed by the risk of unfair prejudice to

New Hampshire by allowing Blue Water to focus the jury's attention on its relation to a corporate behemoth, parts of which are at this very moment the subject of substantial public and governmental outrage.

      The motion in limine is **granted**.  Blue Water will not be permitted to present evidence that New Hampshire is related to AIG, nor to draw the jury's attention to language in any exhibit expressing or suggesting such a relation.

      DONE and ORDERED this 29th day of April, 2009.

                                                   s/ WILLIAM H. STEELE
                                                 UNITED STATES DISTRICT JUDGE