IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 07-0754-WS-M ) |
| BLUE WATER OFF SHORE, LLC, | ) ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on New Hampshire's motion in limine to exclude evidence of incorrect policy form. (Doc. 178). Blue Water has filed a response, (Doc. 186), and the motion is ripe for resolution.

The complaint alleged that New Hampshire issued policy YM 868-44-60, which it called the "Yacht Policy," and it sought a declaration that the Yacht Policy excluded coverage. (Doc. 1 at 2, 8). Blue Water admitted that New Hampshire issued YM 868-44-60 as the Yacht Policy, and it raised counterclaims based on that Policy. (Doc. 13 at 2, 6-10).[1]

Attached to the complaint was a policy that the complaint alleged was the Policy. (Doc. 1 at 3 & Exhibit A). Blue Water in its answer denied that Exhibit A was the Policy. (Doc. 13 at 2). When New Hampshire discovered that Exhibit A was a 2006 form while the Policy is a (very similar) 1999 form, Blue Water opposed New Hampshire's motion for leave to amend the complaint so as to substitute the Policy for Exhibit A, on the grounds that New Hampshire's attachment of the wrong policy gave Blue Water a complete legal defense to the lawsuit. (Doc. 89 at 2). After New Hampshire's motion for leave to amend was denied (it would have been granted but for Blue Water's opposition),

---

[1] The Court herein refers to "the Yacht Policy" as "the Policy."

Blue Water moved for summary judgment on the grounds that Exhibit A "is not the policy that was issued for delivery to Blue Water." (Doc. 108 at 24).

New Hampshire argues that its attachment to the complaint of the wrong form is not relevant to any issue in the case and that any relevance is substantially outweighed by the danger of confusing the issues and misleading the jury.

Blue Water argues the evidence is relevant because it supports its argument that it never received the Policy before the allision. It says that, given New Hampshire's apparent confusion in delivering the wrong policy form to its lawyers for attachment to the complaint, "New Hampshire just as easily could have been hamstrung by the same or similar shortcomings when it was required to deliver the policy to Blue Water." (Doc. 186 at 3). Unfortunately for Blue Water, it has identified no evidence that New Hampshire failed to deliver the Policy to Hodgens Marine. The only evidence that has ever been presented to this Court — and volumes have been — is that New Hampshire immediately delivered the Policy to Hodgens Marine for further delivery, and the entire dispute centers on what Hodgens Marine did to deliver the Policy to Flowers and the ramifications thereof.[2]

In the alternative, Blue Water suggests the evidence is relevant to show that New Hampshire, while delivering *a* policy to Hodgens Marine, delivered the *wrong* policy. (Doc. 186 at 3). Again, however, Blue Water has no evidence that New Hampshire delivered the wrong policy to Hodgens Marine. Blue Water suggests that it "has no idea which form — be it the 1999 form, the 2006 form, or some other, as yet unidentified form — is the 'correct' one," (*id*.), but this is obviously incorrect. As noted above, Blue Water has thrice represented in Court filings that the 2006 form is *not* the correct policy, and one of those assertions directly resulted in a favorable ruling that Blue Water sought by its representation to obtain. Blue Water admits that the only other known form is the 1999

---

[2]Blue Water admits it bears the burden of proving non-delivery. (Doc. 186 at 3; Doc. 155 at 27).

form, and its speculation that there could theoretically have been a third, "as yet unidentified" iteration is not evidence of one. The final nail comes from the document that Hodgens Marine says it delivered to Flowers, which on its face is the 1999 version. (Doc. 192, Exhibit A at 12).

Finally, Blue Water argues that Exhibit A must be relevant because it is attached to the complaint. (Doc. 186 at 3). Indeed, it characterizes any disagreement with its position as "absurd." (*Id*.). The Court must nevertheless respectfully disagree; relevance depends on whether the evidence makes the existence of a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. As discussed above, attaching the wrong policy form to the complaint does not, under the circumstances of this case, make it more likely that New Hampshire delivered no policy, or the wrong policy, to Hodgens Marine. The cases on which Blue Water relies do not remotely support its position.[3]

Because the proposed evidence bears not the slightest relevance to any fact in issue, it is due to be excluded. The motion in limine is **granted**. Blue Water will not be permitted to present evidence, or mention in any way, that Exhibit A is not the correct policy form.

DONE and ORDERED this 29th day of April, 2009.

> s/ WILLIAM H. STEELE
> UNITED STATES DISTRICT JUDGE

---

[3] The Court in *Sears v. PHP, Inc*., 2006 WL 1223302 (M.D. Ala. 2006), denied a motion in limine to exclude references to the pleadings, not because such references are automatically relevant but because, "without the context of trial, [the court] simply is unable to resolve questions of relevancy and potential prejudice such that the court presently is unable to ascertain whether the evidence in question should be excluded or not." *Id*. at *2. The Court in *In re: Prempro Products Liability Litigation*, 2006 WL 3806391 (E.D. Ark. 2006), simply denied, without discussion, a motion to bar reference to superseded pleadings. *Id*. at *5.