**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **NEW HAMPSHIRE INSURANCE COMPANY,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION 07-0754-WS-M** |
| | ) |
| **BLUE WATER OFF SHORE, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on New Hampshire's motion in limine to exclude reference to Sea Tow lawsuit. (Doc. 174). Blue Water has filed a response, (Doc. 182), and the motion is ripe for resolution.

Sea Tow salvaged the Vessel shortly after the allision in August 2007. In November 2008, Sea Tow filed a "salvage complaint" against Blue Water and others, seeking in excess of $100,000. (Doc. 182, Exhibit 1). That lawsuit remains pending.

Based on the disputed facts listed in the joint pretrial document, it appears Blue Water alleges that the Policy obligates New Hampshire to pay the salvage bill and that New Hampshire's failure to do so constitutes a breach of contract and bad faith. (Doc. 155 at 8, 13-14, 17, 20-21, 23, 26). According to the joint pretrial document, Blue Water claims as damages — above and beyond the $1.75 million the parties agree to as compensatory damages on Blue Water's contract and bad faith claims — the amount of any settlement or judgment arising from the Sea Tow lawsuit. (*Id*. at 40). According to the same document, Blue Water also claims as additional damages some $6,424.62 in attorney's fees it expended in defending the Sea Tow lawsuit before New Hampshire took

over defense under a reservation of rights.  (*Id*.).[1]

New Hampshire posits that evidence of the Sea Tow lawsuit is irrelevant.  (Doc. 174 at 2).  As noted above, however, Blue Water alleges that New Hampshire owes it additional damages of over $6,000 in attorney's fees expended in defending the lawsuit, and New Hampshire has not explained how the jury could award fees for defending a lawsuit if it is not informed that there is a lawsuit.

Blue Water argues that the lawsuit is also relevant to its claim for damages in whatever amount it pays Sea Tow in settlement or becomes obligated to pay in consequence of a judgment against it.  (Doc. 182 at 2).  Blue Water has not explained how this demand requires that the jury hear additional evidence about the Sea Tow lawsuit.  Any arguments Sea Tow and Blue Water have made therein concerning factors affecting an appropriate award to Sea Tow (such as the post-casualty value of the Vessel, to which New Hampshire refers) can be presented to the jury without addressing the Sea Tow lawsuit.[2]

Blue Water also argues that evidence of the lawsuit is relevant to its bad faith claim, both to show the quality and consequences of  New Hampshire's conduct and to support a sizable award of punitive damages.  (Doc. 182 at 2-3).  Blue Water does not explain how any information about the lawsuit beyond its filing is relevant to its claim,

---

[1]Blue Water's counsel suggested at the pretrial conference that the attorney's fees and settlement or judgment might actually be part of the $1.75 million policy limits rather than an additional figure.  However, Blue Water has filed nothing retracting its demand for damages in excess of that figure, and the parties do not address the issue in their briefs.  The Court expects the parties to devote all necessary resources to resolving this threshold issue, and it will receive the parties' report before trial begins.

[2]It does not appear that the parties have devoted sufficient attention to working out the value of the Sea Tow claim, should it not be encompassed within the $1.75 million policy limits.  (Doc. 174 at 2).  The Court expects the parties to report, prior to opening statements, either a resolution of this issue or an exhaustion of all reasonable, good faith efforts to do so.  The Court will not allow the trial to bog down in lengthy and unnecessary evidentiary battles concerning the value of the Sea Tow claim.

and the Court will not supply the deficiency.

In short, evidence of the Sea Tow lawsuit is relevant only in order to explain Blue Water's demand for $6,424.62 in attorney's fees and to support Blue Water's bad faith claim.  No information about the lawsuit other than its filing is relevant for these purposes.

New Hampshire posits that permitting evidence of the Sea Tow lawsuit would result in unfair  prejudice because "the jury might be improperly swayed or influenced by the fact that Defendant is 'fighting on two fronts.'"  (Doc. 174 at 2).  As discussed above, under Blue Water's theory the second "front" was opened by New Hampshire's bad faith refusal to pay its claim, and New Hampshire has not explained why it would be unfairly prejudicial for a jury to consider that, according to Blue Water, it purchased coverage and got a lawsuit instead.

New Hampshire also raises the specter of misleading the jury, confusing the issues, delaying the proceedings and wasting time, but all of these matters assume the parties will be allowed to present evidence of the lawsuit beyond its mere existence.  (Doc. 174 at 2-3).  As noted above, they will not.

The motion in limine is **granted in part** and **denied in part**.  Blue Water will be permitted to present evidence that the Sea Tow lawsuit was filed.[3]  Blue Water will not be permitted to present any other evidence concerning the lawsuit.


DONE and ORDERED this 30th day of April, 2009.

> s/ WILLIAM H. STEELE
> UNITED STATES DISTRICT JUDGE

---

[3]The Sea Tow complaint would fall within this description.  However, New Hampshire has raised in the joint pretrial document a hearsay objection that has not been addressed by the parties.  Accordingly, that objection remains unresolved.