# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **NEW HAMPSHIRE INSURANCE COMPANY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION 07-0754-WS-M** |
| | ) | |
| **BLUE WATER OFF SHORE, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on New Hampshire's motion to stay proceedings to enforce judgment. (Doc. 246). New Hampshire requests the Court to exercise its discretion not to require a supersedeas bond under Federal Rule of Civil Procedure 62(d). Blue Water opposes the motion. (Doc. 249).

"If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." *Poplar Grove Planting & Refining Co. v. Bache, Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). When the record contains "no evidence which would permit a court to objectively determine that [the appellant] is presently capable of responding to the judgment" and that "such present capability as it now has will continue for an indefinite time into the future," the appellant has not met its burden. *Id*.

New Hampshire presents no evidence of its present or future solvency and instead points out that it is a subsidiary of AIG. However, New Hampshire offers no evidence that AIG is legally obligated to pay the judgment against New Hampshire or has irrevocably committed itself to payment. Nor does New Hampshire offer any evidence of AIG's financial condition, instead inviting the Court to scour trade magazine articles.

This is patently insufficient to carry its burden of objectively demonstrating that it can easily and without doubt pay a $1.75 million judgment upon the conclusion of its appeal a year or two hence. The Court therefore declines to excuse New Hampshire from posting a supersedeas bond.

The parties agree that the amount of bond should be $2,187,500. The Court therefore approves security in the form of a supersedeas bond in that amount.

For the reasons set forth above, New Hampshire's motion to dispense with the posting of a supersedeas bond is **denied**, and its alternate motion to approve a supersedeas bond in the amount of $2,187,500 is **granted**. Pursuant to Rule 62(d), the stay pending appeal will take effect upon posting of the approved bond.[1]

DONE and ORDERED this 20th day of July, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] New Hampshire's motion to stay execution pending resolution of its motion for new trial, (Doc. 246 at 1, ¶ 3; *id.* at 3, ¶ A), is **denied as moot**.