## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION 07-0754-WS-M |
| BLUE WATER OFF SHORE, LLC, | ) ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the defendant's motion to re-tax costs. (Doc. 254). The plaintiff has filed a response and the defendant a reply, (Docs. 256-57), and the motion is ripe for resolution.

## I.  Prevailing Party.

The plaintiff brought a declaratory action seeking a declaration that there was no coverage for the subject loss. (Doc. 1 at 8). The defendant counterclaimed for breach of contract and bad faith. (Doc. 13 at 9-10). All claims proceeded to trial. The jury found for the defendant on the plaintiff's claim for declaratory relief and the defendant's counterclaim for breach of contract and awarded damages of $1.75 million. The jury found for the plaintiff on the bad faith counterclaim. (Doc. 241, Attachment). The plaintiff argues that this split decision means it was as much a prevailing party as the defendant (indeed, even more so, since bad faith damages could have exceeded $1.75 million), and that the parties should therefore be left to absorb their own costs.

"Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)." *Myricks v. Federal Reserve Bank*, 480 F.3d 1036, 1043 (11th Cir. 2007) (internal quotes omitted). Judgment was rendered in favor of the defendant for

$1.75 million; no judgment was rendered in favor of the plaintiff.  "A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims."  *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (internal quotes omitted).  The defendant prevailed on one of two claims for relief; the plaintiff lost on its only claim for relief.  The "usual" rule under such circumstances is that the defendant, and only the defendant, be deemed the prevailing party.  Because the plaintiff offers no reason the usual rule should be ignored, the Court applies it.  The defendant is the prevailing party, and the plaintiff is not also a prevailing party.

## II.  Deposition Costs.

Taxable costs include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  A prevailing party can show that a deposition transcript was necessarily obtained in any of several ways.  First, "[i]t  is not necessary to use a deposition at trial for it to be taxable, but admission into evidence or use during cross-examination tends to show that it was necessarily obtained." *United States Equal Employment Opportunity Commission v. W&O, Inc*., 213 F.3d 600, 621 (11th Cir. 2000). Second,  "[a] district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions."  *Id*. (internal quotes omitted).  Third, "[t]axation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [prevailing party] might need the deposition transcripts to cross-examine the witnesses, ... and that the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery."  *Id*. (internal quotes omitted).[1]  On the other hand, "[w]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for

---

[1]Such costs are not taxable if they were not "related to an issue which was present in the case at the time the deposition was taken."  *Id*. (internal quotes omitted).

purposes of investigation only, the costs are not recoverable." *Id.* at 620 (internal quotes omitted).

The defendant seeks court reporter and videographer fees for the original transcripts and videos of the depositions of Susan Smith and Michael Terrier. The plaintiff complains that these witnesses testified at trial (because they voluntarily appeared on behalf of the plaintiff) and that no portion of their depositions was used at trial. However, both witnesses were on the plaintiff's witness list, (Doc. 155 at 36), and the Court is aware that Terrier was an important witness concerning delivery of the policy and that Smith was an important witness concerning investigation and/or denial of the claim. Their depositions were necessarily obtained within the meaning of Section 1920(2) as explicated in *W&O*.

The plaintiff also asserts that taxing for both the videos and the transcripts is impermissibly duplicative. "[W]e hold that, when a party notices a deposition to be recorded by nonstenographic means [including by video], or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996). Absent proof that the deposition was noticed as a video deposition, only the cost of the stenographic transcript can be allowed. *Id.* at 465. The defendant has not submitted the deposition notices, so it has failed to show that it noticed the depositions as video depositions. Accordingly, it may recover only the court reporter costs.

All but two of the remaining deponents were on the plaintiff's witness list, which satisfies *W&O*'s third sufficient justification for taxation. The plaintiff does not argue otherwise. As to the remaining two deponents (both defense experts), the defendant notes that it relied on portions of their depositions in successfully opposing the plaintiff's motion for summary judgment, and the plaintiff does not dispute that this is a sufficient

-3-

basis for taxation.  However, the plaintiff argues that the deposition of one expert should not be taxed because his testimony was relevant only to the defendant's bad faith claim, as to which it was not the prevailing party.  Prevailing party status, however, is determined for the case as a whole, not issue by discrete issue, and "[a] party need not prevail on all issues to justify a full award of costs ...."  *Head*, 62 F.3d at 354 (internal quotes omitted).  Without more detailed explanation, which the plaintiff does not provide, the Court will tax all these depositions to the plaintiff.

The plaintiff objects to taxation of postage and delivery costs of the depositions. "Costs associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable."  *Kerns v. Pro-Foam, Inc*., 2007 WL 2710372 at *3 (S.D. Ala. 2007) (internal quotes omitted).  Accordingly, no such costs will be taxed.[2]

The Clerk taxed the costs of the deposition of Ron Rice, which was offered in evidence at trial.  *See* Standing Order 13 (allowing such taxation by the Clerk).  The defendant notes that the amount awarded is $325.20 more than the amount requested. The Court's award will correct this discrepancy.

In summary, the defendant requests taxation of deposition costs in the amount of $6,270.55.  For the reasons set forth above, the Court will award such costs in the amount of $5,395.55.

**III.  Witness Fees.**

The Clerk taxed as costs $1,243.30 for witness fees.  The defendant, which requested this amount, does not seek re-taxation.  The plaintiff, however, argues that the witness fees for the defense expert referenced above should not be awarded, since the defendant did not prevail on its bad faith counterclaim.  For the reasons set forth in Part II, the Court rejects the plaintiff's position.

---

[2]Based on the Court's review, the defendant has not included such expenses in its bill of costs.

## IV. Copying Costs.

"Fees for exemplification and copies of papers necessarily obtained for use in the case" are properly taxable. 28 U.S.C. § 1920(4).[3] "[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O*, 213 F.3d at 623. For example, the cost of copying documents produced by an adverse party may be awardable under this rule. *Id*. However, "[e]xtra copies or copies prepared for the convenience of counsel are not taxable ...." *Biomedical Disposal, Inc. v. Mediq/PRN Life Support Services, Inc*., 2007 WL 2593075 at *3 (N.D. Ga. 2007); *accord Bates v. Islamorada, Village of Islands*, 2007 WL 2113586 at *18 (S.D. Fla. 2007); *Pickett v. Tyson Fresh Meats, Inc*., 2004 WL 3712721 at *6 (M.D. Ala. 2004) (the first copy of opponent's trial exhibits was necessarily obtained, but the second and third copies were for the convenience of counsel and not taxable). Moreover, costs of "general copying" are not recoverable. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).

The plaintiff properly produced its trial exhibits to the defendant in electronic form, and the paper copies the defendant created were necessarily obtained for use at trial. Likewise, the copy of the defendant's exhibits created for the Court's use in compliance with its order, (Doc. 163 at 4), was necessarily obtained.

The bulk of the defendant's request for copying costs (over $1,200) is for enlargements of key photographs and documents.[4] The plaintiff protests that the defendant used none of these enlargements at trial. The defendant responds they were necessary as a backup in case the Court's highly advanced electronic presentation

---

[3]"Exemplification" is limited to "an official transcript of a public record, authenticated as a true copy for use as evidence," *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1297 (11th Cir. 2001) (internal quotes omitted), and is not at issue.

[4]Section 1920(4) extends to oversize documents and color photographs. *Arcadian Fertilizer*, 249 F.3d at 1296.

technology went out of order during trial.  "The concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial."  *Cherry v. Champion International Corp.*, 186 F.3d 442, 449 (4th Cir. 1999).  Accordingly, these costs will not be awarded.

In summary, the defendant requests taxation of copying costs in the amount of $1,940.00.  For the reasons set forth above, the Court will award such costs in the amount of $683.22.

**V.  Conclusion.**

The motion to re-tax costs is **granted in part** and **denied in part**.  Costs are taxed against the plaintiff in the amount of $7,322.07.

DONE and ORDERED this 28th day of August, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE